UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC, <br><br>*Plaintiff* <br><br>v. <br><br>ADORABLE BABE STORE, AIXINI STORE, ANHUI BLOSSOM ELECTRONIC CO., LTD., ANHUI PRIME TECHNOLOGY CO., LTD, ANHUI SHUGU TECHNOLOGY CO., LTD., ANKANG AIDUOBAO ANIMATION CULTURE INDUSTRY CO., LTD., BABY KIDS CHILDREN STORE, BLACKQ STORE, BTHOME STORE, CHANGZHOU CITY YUANMENG INTERNATIONAL TRADE CO., LTD, CHANGZHOU PARTNER INTERNATIONAL TRADE CO., LTD., DAILY LIFE~ STORE, DONGGUAN YIHENG TOYS COMPANY LIMITED, DONGGUAN YIKANG PLUSH TOYS CO., LTD., DONGGUAN YIMEIYUAN GIFT CO., LTD., EVERMORE ENTERPRISE (ZHEJIANG) LTD., FUJIAN HOMES TRADING CO., LTD., GUANGZHOU CHUMU BIOLOGICAL TECHNOLOGY CO., LTD., GUANGZHOU HAPPY ISLAND TOYS CO., LTD., GUANGZHOU ORCHARD AROMATHERAPY & SKINCARE CO., LTD., GULUGULUTOY STORE, H-SHOP STORE, HAINING DIGISI NEW MATERIALS & TECHNOLOGY CO., LTD., HANGZHOU ANGEL HOME CO., LTD., HANGZHOU DALEI TECHNOLOGY CO., LTD., HANGZHOU NANSHANNAN DAILY CHEMICAL TRADING CO., LTD., HANGZHOU OU WEI NUO TRADING CO., LTD., HANGZHOU QIBU INDUSTRY AND TRADE CO., LTD., HANGZHOU XIBEI CHILDREN PRODUCTS CO., LTD., HANGZHOU YIKOU IMPORT AND EXPORT CO., LTD., HEBEI YERONG TRADING CO., LTD., HEFEI VANSHION TRADING CO., LTD., HENAN ANSELM IMPORT AND EXPORT CO., LTD., HFGM DROPSHIPPING STORE, IRENE Q STORE, ISFRIDAY GARDENING STORE, JIANGSU HUIRONG HOUSEHOLD TECHNOLOGY CO., LTD., JIANGSU KANGYU ARTS&CRAFTS CO.,LTD., JIEYANG BELINDA HARDWARE & PLASTIC CO., LIMITED, | CIVIL ACTION NO. 21-cv-3622 (JPO) <br><br><br>**PRELIMINARY INJUNCTION ORDER** |

JILIN PROVINCE LEWEI TRADE CO., LTD., JINHUA AIOIAI IMP & EXP CO., LTD., JINKJING STORE, KELE TOY STORE, LT TOOLS STORE, MAS TOP WE TRADE CO., LTD., MUQGEW FOR YOU STORE, NANJING TEXTILES IMPORT AND EXPORT CORP., LTD., NC ISA INDUSTRY AND TRADE COMPANY, QINGDAO DRIVWORLD COSMETICS CO., LTD., QUANZHOU XIN AO BAO LUO TRADING CO., LTD., RON'S SHOP STORE, SHANDONG FUNFISHING OUTDOORS CO., LTD., SHANGHAI HOLLY GIFTS CO., LTD., SHANGHAI YUXIANG INDUSTRIAL CO., LTD, SHANTOU HUAXING ADHESIVE PRODUCTS CO., LTD., SHAOXING CITY HUAYEAH TEXTILE CO., LTD., SHENZHEN GUANGXINYING TECHNOLOGY CO., LTD., SHENZHEN GUMONI INDUSTRY & TRADE CO., LTD., SHENZHEN LETONGBAO TECHNOLOGY CO., LTD., SHENZHEN LIVOTI ELECTRONIC TECHNOLOGY LIMITED, SHIJIAZHUANG MAIKESI BRACE TECHNOLOGY CO., LTD., SHOP3725005 STORE, SHOP4970047 STORE, SHOP5596089 STORE, SKYLARK NETWORK CO., LTD., SUMORY STORE, SUZHOU MYGREEN TEXTILES CO., LTD., TIANCHANG LEBEITE TOYS CO., LTD., TOMTOP OFFICIAL STORE, WUHAN BAOWO INTERNATIONAL TRADE CO., LTD., XIAO XIONG TOY STORE, XIAOLOU STORE, XINXIANG CHENGYING IMPORT & EXPORT TRADING CO., LTD., XO02 STORE, XUZIXI STORE, YANCHENG KA KINN SYUU INTERATIONAL TRADING CO., LTD., YANGZHOU AIXINI INTERNATIONAL TRADE IMPORT AND EXPORT CO., LTD., YANGZHOU CAISHENG HANDICRAFT PRODUCT CO., LTD., YANGZHOU CREATIVE TOYS AND GIFTS CO., LTD., YANGZHOU HAITONG TEXTILE PRODUCTS CO., LTD., YANGZHOU MARISA TOY GIFTS CO., LTD., YANGZHOU MISSYOU ARTS & CRAFTS CO., LTD., YANGZHOU MOVA TOYS TRADE CO., LTD., YANGZHOU SCS HOMETEXTILE CO., LTD, YIWU BAOWO TRADING CO., LTD., YIWU FIZZ IMPORT AND EXPORT CO.,LTD, YIWU JIANYU E-COMMERCE FIRM, YIWU MAIWEI CRAFTS FACTROY, YIWU MEETOUR BAGS FACTORY, YIWU MINKING E-BUSSINESS FIRM, YIWU QINWEN TRADE FIRM, YIWU QUANFA IMPORT & EXPORT COMPANY LIMITED, YIWU RUNSINE IMP & EXP CO., LTD., YIWU XINNI TRADING COMPANY LTD.,

YIWU YUEYING TRADING LTD., YIWU YUNJIE TRADING CO.,LTD, YIWU YUSHU TRADING CO., LTD., YIWU ZHENHAO TRADING CO., LTD., YIWU ZONO ARTS&CRAFTS CO., LTD., YONGKANG JUYIXUAN INDUSTRY & TRADE CO., LTD., ZAOQIANG XIN YUQIU CLOTHING & ACCESSORIES CO., LTD., ZHUHAI FUSHENG COMMERCE & TRADING CO., LTD. and ZXC001 STORE,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Allstar** | Allstar Marketing Group, LLC |
| **Defendants** | Adorable Babe Store, AIXINI Store, Anhui Blossom Electronic Co., Ltd., Anhui Prime Technology Co., Ltd, Anhui Shugu Technology Co., Ltd., Ankang Aiduobao Animation Culture Industry Co., Ltd., Baby kids Children Store, BLACKQ Store, BTHOME Store, Changzhou City Yuanmeng International Trade Co., Ltd, Changzhou Partner International Trade Co., Ltd., daily life~ Store, Dongguan Yiheng Toys Company Limited, Dongguan Yikang Plush Toys Co., Ltd., Dongguan Yimeiyuan Gift Co., Ltd., Evermore Enterprise (Zhejiang) Ltd., Fujian Homes Trading Co., Ltd., Guangzhou Chumu Biological Technology Co., Ltd., Guangzhou Happy Island Toys Co., Ltd., Guangzhou Orchard Aromatherapy & Skincare Co., Ltd., GuluGuluToy Store, H-shop Store, Haining Digisi New Materials & Technology Co., Ltd., Hangzhou Angel Home Co., Ltd., Hangzhou Dalei Technology Co., Ltd., Hangzhou Nanshannan Daily Chemical Trading Co., Ltd., Hangzhou Ou Wei Nuo Trading Co., Ltd., Hangzhou Qibu Industry And Trade Co., Ltd., Hangzhou Xibei Children Products Co., Ltd., Hangzhou Yikou Import And Export Co., Ltd., Hebei Yerong Trading Co., Ltd., Hefei Vanshion Trading Co., Ltd., Henan Anselm Import And Export Co., Ltd., HFGM Dropshipping Store, Irene Q Store, Isfriday gardening Store, Jiangsu Huirong Household Technology Co., Ltd., Jiangsu Kangyu Arts&crafts Co.,ltd., Jieyang Belinda Hardware & Plastic Co., Limited, Jilin Province Lewei Trade Co., Ltd., Jinhua Aioiai Imp & Exp Co., Ltd., JINKJING Store, KELE TOY Store, LT Tools Store, Mas Top We Trade Co., Ltd., MUQGEW for YOU Store, Nanjing Textiles Import And Export Corp., Ltd., Nc Isa Industry And Trade Company, Qingdao Drivworld Cosmetics Co., Ltd., Quanzhou Xin Ao Bao Luo Trading Co., Ltd., Ron's Shop Store, Shandong Funfishing Outdoors Co., Ltd., Shanghai Holly Gifts Co., Ltd., Shanghai Yuxiang Industrial Co., Ltd, Shantou Huaxing Adhesive Products Co., Ltd., Shaoxing City Huayeah Textile Co., Ltd., Shenzhen Guangxinying Technology Co., Ltd., Shenzhen Gumoni Industry & Trade Co., Ltd., Shenzhen Letongbao Technology Co., Ltd., Shenzhen |

| | |
|---|---|
| | Livoti Electronic Technology Limited, Shijiazhuang Maikesi Brace Technology Co., Ltd., Shop3725005 Store, Shop4970047 Store, Shop5596089 Store, Skylark Network Co., Ltd., Sumory Store, Suzhou Mygreen Textiles Co., Ltd., Tianchang Lebeite Toys Co., Ltd., tomtop Official Store, Wuhan Baowo International Trade Co., Ltd., XIAO XIONG TOY Store, XiaoLou Store, Xinxiang Chengying Import & Export Trading Co., Ltd., XO02 Store, xuzixi Store, Yancheng Ka Kinn Syuu Interational Trading Co., Ltd., Yangzhou Aixini International Trade Import And Export Co., Ltd., Yangzhou Caisheng Handicraft Product Co., Ltd., Yangzhou Creative Toys and Gifts Co., Ltd., Yangzhou Haitong Textile Products Co., Ltd., Yangzhou Marisa Toy Gifts Co., Ltd., Yangzhou Missyou Arts & Crafts Co., Ltd., Yangzhou Mova Toys Trade Co., Ltd., Yangzhou Scs Hometextile Co., Ltd, Yiwu Baowo Trading Co., Ltd., Yiwu Fizz Import and Export Co.,Ltd, Yiwu Jianyu E-Commerce Firm, Yiwu Maiwei Crafts Factroy, Yiwu Meetour Bags Factory, Yiwu Minking E-Bussiness Firm, Yiwu Qinwen Trade Firm, Yiwu Quanfa Import & Export Company Limited, Yiwu Runsine Imp & Exp Co., Ltd., Yiwu Xinni Trading Company Ltd., Yiwu Yueying Trading Ltd., Yiwu Yunjie Trading Co.,ltd, Yiwu Yushu Trading Co., Ltd., Yiwu Zhenhao Trading Co., Ltd., Yiwu Zono Arts&Crafts Co., Ltd., Yongkang Juyixuan Industry & Trade Co., Ltd., Zaoqiang Xin Yuqiu Clothing & Accessories Co., Ltd., Zhuhai Fusheng Commerce & Trading Co., Ltd. and zxc001 Store |
| **Jay At Play** | Jay At Play International Hong Kong Limited d/b/a Jay At Play |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |

| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
|---|---|
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **De Marco Dec.** | Declaration of Jennifer De Marco in Support of Plaintiff's Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application |
| **Happy Nappers Marks** | U.S. Trademark Registration Nos.: 6,102,208 for "HAPPY NAPPERS" for goods in Class 20 and 24; and 3,998,335 for "HAPPY NAPPERS" for goods in Class 28 |
| **Happy Nappers Works** | U.S. Copyright Reg. Nos.: VA 2-227-806 covering Shak the Shark; VA 2-227-789 covering Arianna the White Unicorn; VA 2-227-807 covering Duncan the Dragon; VA 2-227-808 covering Lilly the Lady Bug; VA 2-227-810 covering Monique the Pink Unicorn; VA 2-227-816 covering Kodiak the Grey Husky; VA 2-227-818 covering Dusty the Yellow Dog; and VA 2-227-820 covering Charlotte the Pink Kitty |
| **Happy Nappers Products** | A soft plush pillow toy that when unzipped, expands into a comfy sleep sack |
| **Counterfeit Products** | Products bearing or used in connection with the Happy Nappers Marks and/or Happy Nappers Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Happy Nappers Marks and/or Happy Nappers Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Happy Nappers Marks and/or Happy Nappers Works and/or products that are identical or confusingly or substantially similar to the Happy Nappers Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective |

| | |
|---|---|
| | officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on April 23, 2021 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on May 4, 2021 ("TRO") which ordered Defendants to appear on June 8, 2021 at 3:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on May 14, 2021, Plaintiff filed a request for modification and extension of the TRO;

WHEREAS, on May 17, 2021, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application on each and every Defendant, except Defendants JINKJING Store, MUQGEW for YOU Store, Shanghai Yuxiang Industrial Co., Ltd and Skylark Network Co., Ltd.;

WHEREAS, on June 8, 2021 at 3:00 p.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Happy Nappers Marks and/or Happy Nappers Works and/or marks or works that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Happy Nappers Marks and/or Happy Nappers Works;

ii. directly or indirectly infringing in any manner Plaintiff's Happy Nappers Marks and/or Happy Nappers Works;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Happy Nappers Marks and/or Happy Nappers Works to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Happy Nappers Marks and/or Happy Nappers Works or any other marks or artwork that are confusingly or substantially similar to the Happy Nappers Marks and/or Happy Nappers Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of

any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

    vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

    vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

    viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

   ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

   iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts;

   ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution,

> display, offering for sale and/or sale of Counterfeit Products; and
>
>> iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this

Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

  i. account numbers;

  ii. current account balances;

  iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

  iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

  v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

  vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show

  the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

 vii. any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

 viii. the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

 ix. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

 x. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Happy Nappers Marks and/or Happy Nappers Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Happy Nappers Marks and Happy Nappers Works.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and

Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

    ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

    iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Happy Nappers Marks and/or Happy Nappers Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute an infringement of the Happy Nappers Marks and/or Happy Nappers Works.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made

on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

   a) delivery of: (i) PDF copies of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the TRO; or

   b) delivery of a message to Defendants through the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail

to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 8th day of June, 2021, at 3:15 p.m.
New York, New York

_____
J. PAUL OETKEN
United States District Judge